24-1123

IN THE

# United States Court of Appeals

### FOR THE THIRD CIRCUIT

NRA GROUP LLC,

*Appellants,*

— v. —

NICOLE DURENLEAU and JAMIE BADACZEWSKI,

*Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL CASE NO.: 1:21-CV-00715
UNITED STATES DISTRICT JUDGE JENNIFER P. WILSON

**APPELLEES' RESPONSE IN OPPOSITION TO APPELLANT'S PETITION FOR REHEARING *EN BANC* OR IN THE ALTERNATIVE, PANEL HEARING**

Cory A. Iannacone, Esquire
Attorney ID No. 200530 (PA)
4201 E. Park Circle
Harrisburg, PA 17111
ciannacone@pillaraught.com
717-308-9910
*Attorneys for Appellees*

# TABLE OF CONTENTS

TABLE OF CITATIONS ............................................................................... ii

INTRODUCTION ........................................................................................ 1

SUMMARY OF ARGUMENT ..................................................................... 1

ARGUMENT ................................................................................................ 2

    I.      The Panel Opinion is Consistent With the U.S. Supreme Court's Decision in <u>Van Buren</u> and Other Circuit Court Decisions .................................................................................. 3

    II.     The Panel Properly Relied Upon the Undisputed Facts of Record in Affirming the District Court's Opinion ...................... 6

    III.    There are no Errors Implicating Questions of Exceptional Importance ............................................................................. 10

    IV.    NRA is Prohibited From Raising New Theories of its Trade Secrets Claims Which Were Never Raised in its Complaint ....... 11

    V.     The Panel Properly Found There was No Substantive Evidence Supporting NRA's Fraud Claim Against Durenleau ............................................................................. 12

CONCLUSION ........................................................................................... 13

# TABLE OF CITATIONS

**Cases**

Advanced Fluid Sys., Inc. v. Huber,
  28 F.Supp.3d 306 (M.D. Pa. 2014) ............................................................................. 3

Big Apple BMW, Inc. v. BMW of N. Am., Inc.,
  974 F.2d 1358 (3d Cir. 1992) .................................................................................... 13

Cont'l Grp., Inc. v. KW Prop. Mgmt., LLC,
  622 F.Supp.2d 1357 (S.D. Fla. 2009) ......................................................................... 3

Dresser-Rand Co. v. Jones,
  957 F. Supp. 2d 610 (E.D. Pa. 2013) ........................................................................ 10

Harris v. City of Phila.,
  35 F.3d 840 (3d Cir.1994) ........................................................................................ 11

Mallet & Co. Inc. v. Lacayo,
  16 F.4th 364 (3d Cir. 2021) ...................................................................................... 11

Mills v. Philadelphia Gas Works,
  264 F. App'x 239 (3d Cir. 2008) ............................................................................... 11

Porous Media Corp. v. Midland Brake Inc.,
  187 F.R.D. 598 (D. Minn. 1999) .............................................................................. 11

State Analysis, Inc. v. Am. Fin. Servs. Assoc.,
  621 F. Supp. 2d 309 (E.D. Va. 2009) ....................................................................... 12

Teva Pharms. USA, Inc. v. Sandhu,
  291 F. Supp. 3d 659 (E.D. Pa. 2018) ...................................................................... 3, 9

Union Pac. R.R. Co. v. Greentree Transp. Trucking Co.,
  293 F.3d 120 (3d Cir. 2002) ..................................................................................... 11

United States v. Nosal,
  676 F.3d 854 (9th Cir. 2012) ........................................................................... 2, 5, 6, 9

Valspar Corp. v. E.I. Du Pont De Nemours & Co.,
  873 F.3d 185 (3d Cir. 2017) ..................................................................................... 12

Van Buren v. United States,
  593 U.S. 374 (2021) ............................................................................................ passim

WEC Carolina Energy Sols. LLC v. Miller,
687 F.3d 199 (4th Cir. 2012) .............................................................................................. 2, 5, 6

Wharton v. Danberg,
854 F.3d 234 (3d Cir. 2017)...................................................................................................... 13

**Statutes**

Computer Fraud and Abuse Act, 18 U.S.C. § 1030........................................................................ 1

## INTRODUCTION

Appellees, Nicole Durenleau and Jamie Badaczewski ("Appellees"), file the instant Response in Opposition to the Petition for Rehearing *En Banc* or in the Alternative, Panel Hearing ("Petition") filed by Appellant NRA Group LLC ("Appellant" or "NRA"). NRA's Petition seeks rehearing *en banc* (or in the alternative, Panel rehearing) of this Court's August 26, 2025 decision affirming summary judgment in favor of Appellees—which dismissed all claims asserted against them by Appellant. NRA's Petition does not satisfy the "rigorous" standard for *en banc* review, but instead, rehashes its arguments (arguments the original Panel thoroughly considered and rejected), generically disagrees with—and mostly disregards—the undisputed factual record relied upon by the Panel, and attempts to manufacture conflicts with Supreme Court and circuit authority where none exist. For these reasons, explained in detail below, NRA's Petition should be denied.

## SUMMARY OF ARGUMENT

The Petition fails to meet the standard for rehearing. Initially, there is no conflict the Supreme Court's decision in <u>Van Buren v. United States</u>, as the Court in <u>Van Buren</u> limited its decision to code-based unauthorized access under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA") and expressly left open the issue decided by the Panel in the case at bar—whether workplace policy violations are basis for liability under the CFAA. Second, NRA cites the losing

parties' arguments asserted in Nosal and WEC Carolina as legal precedent when in reality, the actual holdings in both cases support the Panel's decision of no liability under the CFAA.  Third, NRA has failed to point to any evidence of record to contradict the undisputed material facts of record relied upon by the Panel, but instead simply re-argues facts it claims support its argument that workplace policy violations should serve as a basis for liability.  Fourth, NRA identifies no question of exceptional importance, where the Panel's decision is consistent with uniform circuit authority limiting the CFAA to true hacking cases which give rise to criminal liability. Finally, the Panel properly rejected NRA's trade secrets and fraud claims for lack of evidence. In short, NRA has not shown any conflict, split, or systemic importance warranting *en banc* review.

## ARGUMENT

The Court of Appeals for the Third Circuit disfavors petitions for rehearing or rehearing *en banc*. See 3d Cir. L.A.R. 35.4.  An *en banc* rehearing following a Panel decision is appropriate when one or more of the below factors are satisfied:

- (A) the Panel decision conflicts with a decision of the court to which the petition is addressed (with citation to the conflicting case or cases) and the full court's consideration is therefore necessary to secure or maintain uniformity of the court's decisions;

- (B) the Panel decision conflicts with a decision of the United States Supreme Court (with citation to the conflicting case or cases);

2

(C) the Panel decision conflicts with an authoritative decision of another United States court of appeals (with citation to the conflicting case or cases); or

(D) the proceeding involves one or more questions of exceptional importance, each concisely stated.

Fed. R. App. P. 40(b)(2).

NRA's Petition fails to meet the "rigorous requirements" for *en banc* review. See 3d Cir. L.A.R. 35.4.

## I. The Panel Opinion is Consistent With the U.S. Supreme Court's Decision in Van Buren and Other Circuit Court Decisions.

Recognizing the legislative intent behind the statute—a criminal statute intended to address interruption of service and damage to protected computers via hacking[1]—the Panel properly declined to extend the CFAA to the instant case: where Appellees were provided access to NRA's computer systems and were directed to perform work by their supervisors on the date in question. [ECF No. 53, at 17.[2]]

Both Van Buren v. United States and the case at bar involved employees who were provided access to their respective employer's computer systems—the dispositive fact in both cases. The only true distinction, which is immaterial for

---

[1] Teva Pharms. USA, Inc. v. Sandhu, 291 F. Supp. 3d 659, 672, n.19 (E.D. Pa. 2018) (citing Advanced Fluid Sys., Inc. v. Huber, 28 F.Supp.3d 306, 330 (M.D. Pa. 2014); Cont'l Grp., Inc. v. KW Prop. Mgmt., LLC, 622 F.Supp.2d 1357, 1371 (S.D. Fla. 2009).
[2] "[W]e tread carefully, mindful of the 'canon of strict construction of criminal statutes' that 'ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered.'"

3

purposes of the instant Petition, is the fact that the employee in Van Buren had *improper* motives in accessing certain information on the computer system, 593 U.S. 374, 396 (2021), whereas, in the case at bar, the undisputed evidence of record established that Appellees accessed NRA's computer system at the direction of their supervisors (including CEO Kusic) and *for the sole benefit of NRA*. If anything, the employee's conduct in Van Buren was far more egregious than Appellees here.

In Van Buren, the employee's *purpose* was important because that was the government's main argument as to why the access was not authorized. Id. at 392. Here, *purpose* is relevant because it merely reinforces the access to the computer system NRA provided Appellees on the date in question. In short, it precludes NRA from arguing Appellees violated workplace-policies in accessing the computer system (which are not even a basis for liability under the CFAA) and takes this case out of a criminal "hacking" case that the CFAA was intended to protect against.

Most importantly, the Court in Van Buren expressly stated that for purposes of stating a claim under the CFAA, it was not addressing the issue of whether internal company policies can limit access provided to an employee. Van Buren v. United States, 593 U.S. 374, 390, n.8 (2021) ("For present purposes, we need not address whether this inquiry turns only on technological (or 'code-based') limitations on access, or instead also looks to limits contained in contracts or policies.") With this

4

issue left unresolved by the Supreme Court (and this Circuit), this Panel's opinion deciding that open issue in no way can say to conflict with Van Buren.

Furthermore, there is no basis to NRA's contention that either United States v. Nosal, 676 F.3d 854, 858 (9th Cir. 2012) or WEC Carolina Energy Sols. LLC v. Miller, 687 F.3d 199 (4th Cir. 2012) support a finding of a violation of the CFAA by Appellees. Ironically, both cases support dismissal of NRA's CFAA claims. NRA, however, failed to cite the actual holdings of those cases, but instead, quoted the courts' recitation of the losing parties' arguments discussed in those opinions.

Nosal involved a former employee, David Nosal who left his company and then convinced some of his former employees who still worked at the company to log into the company's computer system and download source lists, names and contact information from a confidential database and then send the information to Nosal. In it's Petition, NRA did not cite the holding of the case, but instead cited and relied upon the portion of the opinion outlining the government's argument why CFAA liability applied. Nosal, 676 F.3d at 858 ("the government's 'so' argument doesn't work because the word has meaning even if it doesn't refer to use restrictions" then listing examples). The court in Nosal expressly rejected the government's arguments, holding, "that the phrase 'exceeds authorized access' in the CFAA does not extend to violations of use restrictions" and explaining that because the CFAA was a criminal statute, a narrow interpretation of its application was necessary. Id.

at 863. Ironically, Nosal actually supports the Panel's holding that because Durenleau had authority to access NRA's computer system, there was no violation when Badaczewski logged in to email Durenleau her passwords. Id. at 864. ("Because Nosal's accomplices had permission to access the company database and obtain the information contained within, the government's charges fail to meet the element of 'without authorization, or exceeds authorized access' under [CFAA]".)

In Miller, the court affirmed the dismissal of plaintiff's CFAA claims where the employer similarly conceded in its complaint that it provided employee, Miller, with access to confidential and trade secret documents on its computers, but claimed its employees violated the CFAA (namely unauthorized access / exceeded authorized access) based upon their violations of the company's policies which prohibited downloading said information to a personal computer. Miller, 687 F.3d at 202. In dismissing the CFAA claim, the trial court rejected the company's reliance upon policy violations as a basis for establishing unauthorized access / exceeded authorized access under the CFAA. Id. at 207. In short, NRA has failed to establish any conflict with a U.S. Supreme Court or court of appeal's decision.

II. **The Panel Properly Relied Upon the Undisputed Facts of Record in Affirming the District Court's Opinion.**

It is undisputed that Durenleau, in her capacity as NRA's Manager of Compliance, was provided access to essentially NRA's entire computer system, including NRA's consumer database. [JA-3631, at 119:17-18; JA-3631, at 21-22].

It is further undisputed that while Durenleau was out on leave on January 6, 2021, Kusic and Daube directed Durenleau to perform work from home and resolve a licensing issue on the National Multilist Licensing System ("NMLS"), which required accessing NRA's computer system. These most basic undisputed facts alone are fatal to NRA's CFAA claims as they clearly establish not only that Durenleau maintained authority to access NRA's computer system (as Manager of Compliance), but that NRA was in fact directing Durenleau to perform work which required accessing NRA's computer system on the date at issue—thus taking this case outside the perview of a criminal hacking case the CFAA was intended to cover.

NRA's Petition fails to address, let alone even acknowledge, these very basic undisputed material facts, but instead, points solely to its firewall and VPN restrictions, arguing that its placed limitations on the access it had provided Durenleau—in essence arguing, "yes, we provided Durenleau with access and then also told her how to use that access, i.e., not outside of the office."[3] This very issue was specifically addressed by the Panel as a matter of first impression. [ECF No. 53, at 4 "[W]e hold for the first time that . . . by its text and purpose, the [CFAA] does not turn these workplace-policy infractions into federal crimes."]. These

---

[3] "Even more, NRA contends that because Durenleau could not access her computer from home (because of firewalls, VPNs, and other code-based protections of NRA's system), she necessarily was hacking by inducing Badaczewski to access Durenleau's work computer." [ECF No. 53, at 21.]

7

firewall and VPN restrictions are no more than NRA's attempt to restrict the *manner* in which employees use their authorization to access NRA's computer system. Because NRA provided access to its computer system in the first place—i.e. the "code-based" access referenced in Van Buren—and never rescinded that access (e.g., via termination of employment or otherwise rescinding the sign in credentials), "the gates were up, even if the road signs—the NRA policies—all told the women to stop and turn around." [ECF No. 53, at 22.]

NRA devotes much time on the timing of emails and texts (paraphrased and not quoted in full), but fails to address the actual substance of the emails and texts. Initially, they are mostly immaterial as NRA's CFAA claims fail alone based upon the computer access it provided to Appellees as employees of NRA. The emails and texts are merely icing on the cake, reinforcing that Appellees' actions were done soley at NRA's direction and for its benefit and eliminating any question of material fact which would support this to be a criminal hacking case covered by the CFAA:

- The initial text from Durenleau's supervisor, Daube, requesting that Durenleau send access information for NMLS, [JA-3969], and directing Durenleau, "I can have Doug sift your emails or you can share your log on so we can pay this today," [JA-3970].

- Kusic's email to Durenleau directing her to resolve the compliance issue and stating, "Please let me know how YOU are going to get this fixed by the end of business today." [JA-3973.]

- Durenleau's email response to Kusic, "I don't have the papers. I am not sure what to do from home." [JA-3973.]

8

- Kusic's follow up email to Durenleau, instructing her: "[I]t must be finalized by the end of business today. How you do it, is your problem." [JA-3973.]

- Kusic's subsequent email to Durenleau stating, "The system says they are outstanding, as of today. I am not learning NMLS today, get this Licensed Renewed TODAY." [JA-3972.]

While focusing all of its energy on the timing of Kusic's emails, NRA fails to acknowledge the genesis of Appellees accessing NRA's computer system on the dates in question: Daube's initial contact with Durenleau, which included a text, "I can have Doug sift your emails **or you can share your log on so we can pay this today**," [JA-3970 (emphasis added)], which undisputedly preceded Appellee's accessing NRA's computer system. All of Kusic's emails, regardless the timing, are merely a ratification of the authority Appellees had to access NRA's computer system on the date in question—even if they were sent after the fact.

Finally, Appellees were employed by NRA and provided access to its computer system. It is immaterial whether Badaczewski accessed the computer system using her own credentials or Durenleau's. See United States v. Nosal, 676 F.3d at 864. (no CFAA liability where accomplices had permission to access company database) compare with See Teva Pharmaceuticals USA, Inc. v. Sandhu, 291 F. Supp. 3d 659, 671 (E.D. Pa. 2018) (discussing liability on "outsiders," i.e. non employees: "Outsiders, like Apotex and Desai, are not treated the same as insiders. Rather, they are akin to hackers, those the CFAA aimed to hold criminally

and civilly liable."). With code-based access provided by NRA to its computer system, Appellees maintained a perverbial key to the system, thus precluding any liability under the CFAA. Dresser-Rand Co. v. Jones, 957 F. Supp. 2d 610, 614 (E.D. Pa. 2013) ("An analogy to burglary provides clarity to the limitations of the CFAA: 'If a person is invited into someone's home and steals jewelry while inside, the person has committed a crime—but not burglary—because he has not broken into the home. The fact that the person committed a crime while inside the home does not change the fact that he was given permission to enter.'").

### III. There are No Errors Implicating Questions of Exceptional Importance.

The real question of exceptional importance was properly addressed by the Panel—more specifically, preventing employers from using a criminal hacking statute, such as the CFAA, as a hammer against employees (with access to the employer's computer system) who merely violate workplace-policies. [ECF No. 53, at 3 "In the wrong hands, the law becomes a hammer in search of a nail. This is one such case.".] Should NRA (or any employer for that matter), truly have a concern with the computer access it provided an employee, it could simply rescind the employee's sign in credentials. Employers would also have redress of company policy-based violations (concerning computer access) via employee discipline or even state-level tort and contract claims. [ECF No. 53, at 23.] A federal criminal hacking statute, however, is not the appropriate vehicle for seeking redress of same.

### IV. NRA is Prohibited From Raising New Theories of its Trade Secrets Claims Which Were Never Raised in its Complaint.

Plaintiffs who seek relief for misappropriation of trade secrets under DTSA must identify the trade secrets and carry the burden of proving that they exist. Mallet & Co. Inc. v. Lacayo, 16 F.4th 364, 381 (3d Cir. 2021) (quoting Porous Media Corp. v. Midland Brake Inc., 187 F.R.D. 598, 600 (D. Minn. 1999) ("Failure to identify the trade secrets with sufficient specificity renders the Court powerless to enforce any trade secret claim."). NRA specifically pled in its Amended Complaint that the trade secret at issue is Durenleau's log in credentials contained in the spreadsheet. [JA-4833, ¶¶88 (JA-4851), 90, 91, 92, 94, 95 (JA-4852), 96 (JA-4853); see also Pl.'s Br. at 1 ("usernames and passwords have independent value"); 33-34 (arguing log in and password is the trade secret). Now, in its appeal, NRA takes the position that its DTSA claims are based upon "customer lists," not the passwords as it pled in its complaint. "This court has consistently held that it will not consider issues that are raised for the first time on appeal." Mills v. Philadelphia Gas Works, 264 F. App'x 239, 241–42 (3d Cir. 2008) (quoting Harris v. City of Phila., 35 F.3d 840, 845 (3d Cir.1994); Union Pac. R.R. Co. v. Greentree Transp. Trucking Co., 293 F.3d at 126 (Appellants may not "advance new theories or raise new issues in order to secure a reversal of the lower court's determination."). On these grounds alone, NRA's Petition fails.

Regardless, there are no grounds to revisit the Panel's finding that the spreadsheet containing log in / password information had no independent economic value in and of itself. Such a finding is supported by legal precedent holding that because passwords lack "independent economic value," they fail, as a matter of law to meet the definition of a "trade secret." See State Analysis, Inc. v. Am. Fin. Servs. Assoc., 621 F. Supp. 2d 309, 320–21 (E.D. Va. 2009). The Spreadsheet (and passwords contained therein) had no independent economic value as evidenced by the fact that once NRA learned the spreadsheet containing passwords was sent, NRA's IT Department changed the passwords and locked out the old ones. [JA-3638, at 146:10-13; JA-3426, at 171:12-13.].

V. **The Panel Properly Found There was No Substantive Evidence Supporting NRA's Fraud Claim Against Durenleau.**

Failing to address the undisputed material facts relied upon by the Panel, NRA asks the Court to review "circumstantial evidence," comprised of alleged ambiguous statements provided with no context provided. This Court has held that such ambiguous evidence is not sufficient to survive summary judgment, but rather, it must be viewed in the context of all other evidence. See Valspar Corp. v. E.I. Du Pont De Nemours & Co., 873 F.3d 185, 194 (3d Cir. 2017) ("a plaintiff relying on ambiguous evidence alone cannot raise a reasonable inference of a conspiracy sufficient to survive summary judgment," . . . but—like in all other summary judgment cases—that evidence must be viewed in the context of all other evidence)

12

(citing Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1364–65 (3d Cir. 1992). Here, the undisputed evidence of record established that: NRA set up a special compliance account so that Durenleau would be able to bonus and receive commissions in her capacity as Compliance Manager; Durenleau had permission to move accounts; and there was no policy established for Durenleau as a member of the Compliance Group concerning the movements of these accounts. [JA-3631 at 119:23-25; 120: 1-3; 120:18-20.] Without any facts establishing what that "something" was that needed to be done to earn a bonus, NRA is left only with speculation and conjecture, which is not sufficient to survive summary judgment. [ECF No. 53, at 34 (quoting Wharton v. Danberg, 854 F.3d 234, 244 (3d Cir. 2017).

## CONCLUSION

NRA Group, LLC has failed to meet the "rigorous requirements" of *en banc* review. It's Petition fails to identify any true conflict with a decision of this Court, the U.S. Supreme Court, or any other authoritative decision from another U.S. court of appeals. The Panel's decision to take workplace-based policy violations outside the purview of the CFAA—a computer "hacking" statute providing for criminal liability—does not justify a question of exceptional importance warranting *en banc* review. With no legal basis justifying rehearing / *en banc* review, NRA is left soley relying upon inconsequential facts while ignoring the undisputed material facts of record relied upon by the Panel to justify its affirmation of the District Court's

13

decision—mainly the computer access it provided Appellees.  With petitions for rehearing / rehearing *en banc* disfavored by this Court, the instant Petition for Rehearing *En Banc* or in the Alternative, Rehearing should be denied.

        Respectfully submitted,

        PILLAR AUGHT LLC

By:   /s/ *Cory A. Iannacone*
       Cory A. Iannacone, Esquire
       Attorney ID No. 200530 (PA)
       4201 E. Park Circle
       Harrisburg, PA 17111
       ciannacone@pillaraught.com
       717-308-9910

       *Attorney for Appellee Nicole Durenleau and Jamie Badaczewski*

# CERTIFICATIONS

1. I certify that a virus check was performed on the PDF file of this Response using McAfee Security Scan Plus, and no viruses were found.

2. I, Cory A. Iannacone, certify that I am a member of the Bar of this Court.

3. I hereby certify that the electronically filed PDF and hard copies of the response filed on September 25, 2025, are identical.

4. Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that this Response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this response has been prepared in a proportionally spaced typeface using Microsoft Word, the word processing system used to prepare the response, in 14 point font in Times New Roman font. This Response contains 3,332 words as measured by Microsoft Word used in the processing of this Response.

/s/ *Cory A. Iannacone*

# CERTIFICATE OF SERVICE AND ECF FILING

I hereby certify that on September 25, 2025, a true and correct copy of the foregoing document was served electronically on the following:

Paige Macdonald-Matthes, Esquire
Jennifer L. Bruce, Esquire
Ivo J. Becica, Esquire
200 Locust Street, Suite 400
Harrisburg, PA 17101
paige.macdonald-matthes@obermayer.com
Jennifer.bruce@obermayer.com
Ivo.becica@obermayer.com

*Attorneys for Appellant*

I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system, and that parties may access this filing through the Court's system.

/s/ *Cory A. Iannacone*